SCOTT J. SAGARIA (BAR # 217981)
sjsagaria@sagarialaw.com
ELLIOT W. GALE (BAR #263326)
egale@sagarialaw.com
JOE B. ANGELO (BAR #268542)
jangelo@sagarialaw.com
SCOTT M. JOHNSON (BAR #287182)
sjohnson@sagarialaw.com
**SAGARIA LAW, P.C.**
3017 Douglas Blvd., Ste. 200
Roseville, CA 95661
408-279-2288 ph
408-279-2299 fax

Attorneys for Plaintiff
Harris Opara

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA – OAKLAND DIVISION

| | |
|---|---|
| Harris Opara,<br><br>            Plaintiff,<br><br>      v.<br><br>Bank of America, National Association<br><br>            Defendant. | CASE NO.<br><br>COMPLAINT FOR DAMAGES:<br><br>1. Violation of Truth In Lending Act |

COMES NOW Plaintiff Harris Opara, an individual, based on information and belief, to allege as follows:

**INTRODUCTION**

1. Plaintiff brings an action to enforce their rights under The Truth In Lending Act an the Fair Debt Collection Practices Act.
2. This case arises under 15 U.S.C. §1601 et seq.
3. This action is being brought against Bank of America, National Association.

1

4. The United States Congress has found that economic stabilization would be enhanced and the competition among the various financial institutions and other firms engaged in the extension of consumer credit would be strengthened by the informed use of credit. The informed use of credit results from an awareness of the cost thereof by consumers.

5. The Truth In Lending act (TILA) was enacted to assure a meaningful disclosure of credit terms so that the consumer will be able to compare more readily the various credit terms available to him and avoid the uninformed use of credit, and to protect the consumer against inaccurate and unfair credit billing and credit card practices.

6. On July 7, 2017 the Consumer Financial Protection Bureau modified the federal mortgage disclosure requirements under the Real Estate Settlement Procedures Act and the Truth in Lending Act that are implemented in Regulation Z.

7. Under the modification consumers in active bankruptcies with certain exceptions were to begin receiving periodic mortgage statements.

8. This action is filed to enforce Plaintiffs' consumer rights under Regulation Z's requirements published in CFR §1026.41 "Periodic Statements for residential mortgage loans"

9. Under CFR §1026.41 creditors shall furnish consumers with a periodic statement that discloses certain critical information including amount due, explanation of amount due, past payment breakdown, transaction activity, partial payment information, contact information, account information, and delinquency information.

10. Consumers depend on these periodic mortgage statements to track their balances and ensure payments are applied properly i.e. peace of mind.

11. Without regular periodic statements a consumer can not readily ascertain whether mortgage payments are being received and or applied properly.

12. When a consumer continuously (despite repeated requests) does not receive periodic mortgage statements every piece of critical information congress has mandated be supplied to a consumer remains a mystery.

13. The continuous absence of critical information at a minimum causes severe stress, anxiety, and frustration in consumers.

## JURISDICTION & VENUE

14. Plaintiff re-alleges and incorporates herein by this reference the allegations in each and every paragraph above, fully set forth herein.
15. This Court has jurisdiction under 28 U.S.C. §§ 1331, 1337, and 1367, and 15 U.S.C. § 1681.
16. This venue is proper pursuant to 28 U.S.C. §1391(b).

### GENERAL ALLEGATIONS

17. Plaintiffs re-alleges and incorporates herein by this reference the allegations in each and every paragraph above, fully set forth herein.

**Plaintiffs Bankruptcy Filing**

18. Plaintiff filed for Chapter 13 bankruptcy protection on June 30, 2014.
19. Plaintiff's Chapter 13 plan of reorganization was confirmed on August 27 2014.
20. Plaintiff received his discharge on May 18, 2018.
21. At the time of filing Plaintiff owned certain real property commonly referred to as 4980 Ridgeview Dr., Antioch, CA 94531 ("Property").
22. The Property was encumbered with a first deed of trust held by Bank of America, National Association ("BANA")
23. The mortgage was not discharged in Plaintiff's Chapter 13 bankruptcy.
24. Plaintiff has not been able to verify what if any delinquency existed or exists because Plaintiff is not receiving any statements.
25. To date Plaintiff has failed to receive multiple mortgage statements.
26. Despite this Plaintiff has been diligently sending his monthly mortgage payments to BANA each month despite not receiving any confirmation that the payments were received.
27. To date Plaintiff has no way of verifying whether his monthly payments were applied correctly or if his loan has been flagged delinquent.

### FIRST CAUSE OF ACTION
(Violation of CFR § 1026.41)
Against Bank of America, N.A.)

**Bank of America, N.A. –Failure to provide periodic statements.**

28. Plaintiff realleges and incorporates herein the allegation in each and every paragraph above as though fully set forth herein.
29. CFR §1026.41(a)(2) provides: A servicer of a transaction subject to this section shall provide the consumer, for each billing cycle, a periodic statement meeting the requirements of paragraphs (b), (c), and (d) of this section. If a mortgage loan has a billing cycle shorter than a period of 31 days (for example, a bi-weekly billing cycle), a periodic statement covering an entire month may be used.
30. Under CFR 1026.41(a)(2) servicer includes the creditor, *assignee*, or servicer, as applicable.
31. As a creditor BANA is therefore a servicer of the loan as defined by CFR 1026.41(a)(2).
32. CFR §1026.41(b) provides: The periodic statement must be delivered or placed in the mail within a reasonably prompt time after the payment due date or the end of any courtesy period provided for the previous billing cycle
33. Under CFR§1026.41(d) the periodic statement *__shall__* contain certain content including:
    a. Amount due
    b. Explanation of amount due
    c. Past payment breakdown
    d. Transaction activity
    e. Partial payment information
    f. Contact information
    g. Account information
    h. Delinquency information
34. Failure to include one of the aforementioned sections constitutes a facial violation under 15 U.S.C. §1641(e).
35. BANA has always held Plaintiff's mortgage.
36. Plaintiffs have never opted out of their right to receive statements.
37. The Loan is not a reverse mortgage as described in 12 C.F.R. § 1024.41(e)(1).
38. The Loan does not secure an interest in a timeshare plan as described in 12 C.F.R.§ 1024.41(e)(2).

39. BANA has not provided Plaintiff with a coupon book that meets the requirements of 12C.F.R. § 1024.41(e)(3).
40. BANA is not a small servicer as that term is defined in 12 C.F.R. § 1024.41(e)(4).
41. Plaintiff has not been in a debtor in bankruptcy under Title 11 of the United States Code at any time since May of 2018.
42. BANA's actions are not covered by the "single-statement exemption" given that months have passed since Plaintiff has concluded bankruptcy and BANA has failed to send any periodic statement.
43. As a direct result of BANA's failure to provide periodic statements Plaintiff has suffered severe emotional distress, anxiety, sleeplessness, frustration, and fees attempting to have BANA comply with the law.

**PRAYER FOR RELIEF**

44. WHEREFORE, Plaintiffs pray for judgment as follows:
45. For preliminary and permanent injunctive relief to stop Defendant BANA from engaging in the conduct described above
46. An award of actual damages, statutory damages, costs, and attorney's fees against BANA under 15 U.S.C. §1641(d)(2)(A) not to exceed:
    a. An award of actual damages in the amount of $25,000 under 15 U.S.C §1640(a)(1)
    b. An award of statutory damages in the amount of $4,000 under 15 U.S.C. §1640(a)(2)(A)(i)(iv)
    c. And reasonable attorney's fees and costs under 15 U.S.C. §1640(a)(3).

Dated:     August 8, 2018            By:     **SAGARIA LAW, P.C.**
                                             */s/ Elliot Gale*
                                             Scott Sagaria, Esq.
                                             Elliot Gale, Esq.
                                             Attorneys for Plaintiffs

**DEMAND FOR JURY TRIAL**

Plaintiffs hereby demands trial of this matter by jury.

Dated: August 8, 2018

**SAGARIA LAW, P.C.**
*/s/ Elliot Gale*
Scott Sagaria, Esq.
Elliot Gale, Esq.
Attorneys for Plaintiffs